# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

J.C. FAIRLEY, JR.                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 2:19-cv-0065-KS-MTP

ALLEN GRACE & BLAKE BASS,                                                       DEFENDANTS

## ORDER

This cause has come before the Court on Defendant Blake Bass's Motion for Judgment on the Pleadings seeking qualified immunity filed on June 27, 2019 [11]. Plaintiff filed a document with the Court on July 17, 2019 [16], which the Court has construed as Plaintiff's response, and, despite its untimeliness, has been considered by the Court. Defendant Bass has filed a reply. [17]. Having reviewed the parties' submissions and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds the motion is well taken and will be granted.

This case arises out of Plaintiff's February 8, 2019 arrest and incarceration. Plaintiff has sued Blake Bass, who is alleged to be a deputy with the Forrest County Sheriff's Department. [1] at p. 6. Defendant Bass seeks dismissal on the grounds of qualified immunity, arguing that Plaintiff has wholly failed to state a claim under Section 1983 that would establish a right of recovery in light of his qualified immunity defense.

A law enforcement officer "is entitled to the cloak of qualified immunity 'unless it is shown that, at the time of the incident, he violated a clearly established right.'" *Mangieri v. Clifton*, 29 F.3d 1012, 1015 (5th Cir. 1994) (quoting *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir.1993)). When an officer raises the qualified immunity defense, a complaint "must present

more than bald allegations and conclusory statements." *Wicks v. Miss. State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995).

The Plaintiff's Complaint, drafted on a District Court form pleading, contains only barebones allegations. It appears that in the two Statements of Claim, Plaintiff claims that Defendant Bass used excessive force during the altercation that occurred on February 8, 2019. In the first statement, Plaintiff claims that as he "ran from car [sic], plaintiff was shot by a stun gun by Officer Blake Bass for no reason. Plaintiff struggle all the way to the jail, handcuff and restraint in severe pain." [1] at p. 5. In the second statement he alleges, "Plaintiff was handcuff [sic] by Forrest County Deputy, Blake Bass badge no. 25 and it gave rise to action or condition to suffer pain, cause harm and pain to plaintiff. This attempt to cause harm while handcuff by Officer Blake Bass, this attempt and did excessive force in officer Blake Bass vehicle apply wrist restraint and force to the neck on the back of the seat in the vehicle."

Plaintiff's response is nothing more than largely incoherent rambling and a recitation of what he alleged in his statements of the claim. "A plaintiff cannot rest on general allegations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). A plaintiff claiming excessive force must show: (1) an injury, (2) resulting directly from the excessive force, (3) that was clearly unreasonable. *Fontenot v. Cormier*, 56 F.3d 669, 675 (5th Cir. 1995). Neither the Plaintiff's Complaint nor his response to the Motion for Judgment on the Pleadings contains sufficient allegations to state a viable claim for excessive use of force. The allegations also fail to demonstrate that Defendant Bass acted in unreasonable manner under the circumstances. Even under the facts alleged, Plaintiff readily admits he was fleeing what was, at

a minimum, a traffic accident with a Mississippi Highway Patrolman.[1] Moreover he states in his claim, "This date February 8, 2019 this cause resisting arrest, in Hattiesburg, MS . . . ." Based on the allegations, the Court finds that the Plaintiff has failed to state a claim for a clearly established constitutional violation sufficient to overcome qualified immunity.

Therefore, it is hereby ORDERED that the Motion for Judgment on the Pleadings Based on Qualified Immunity [11] is GRANTED. Plaintiff's claims against Defendant Blake Bass are hereby dismissed with prejudice. A separate judgment under Federal Rule of Civil Procedure 58 will be entered.

SO ORDERED AND ADJUDGED this 3rd day of October 2019.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE